UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
LUIS LORA,

        Plaintiff,      **<u>ORDER</u>**
                   16-CV-3917 (MKB)
    v.

S.J. COSTA & SON TRUCKING, INC.,

        Defendant.
---------------------------------------------------------------
S.J. COSTA & SON TRUCKING, INC.,

        Third-Party Plaintiff,

    v.

KREAMER FEED, INC. and BJE POULTRY,

        Third-Party Defendant.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Luis Lora filed the above-captioned action against Defendant S.J. Costa & Son Trucking, Inc. ("S.J. Costa") on January 26, 2015 in the Supreme Court of the State of New York, Kings County. (Notice of Removal ¶ 1, Docket Entry No. 1.) On February 17, 2016, S.J. Costa commenced a third-party action by naming Kreamer Feed., Inc. ("Kreamer") and BJE Poultry ("BJE") as Third-Party Defendants. (Notice of Removal ¶ 5.) On July 14, 2016, Kreamer and BJE filed a notice removing the action from the Supreme Court of the State of New York to this Court. (Notice of Removal.) Plaintiff moves to remand the case back to the Supreme Court of New York, Kings County. (Pl. Mot. to Remand ("Pl. Mot."), Docket Entry

No. 5.)  For the reasons set forth below, the Court remands the case to the Supreme Court of the State of New York, Kings County.

## I. Background

Plaintiff seeks monetary damages for personal injuries that he allegedly suffered as the result of a fall from a tractor trailer while unloading chicken crates on January 7, 2012.  (Notice of Removal ¶ 1.)  Plaintiff commenced this action on January 26, 2015, in the Supreme Court of the State of New York, Kings County, alleging that the accident and resulting injuries were caused by S.J. Costa's negligence.  (*Id*.)  On February 17, 2016, S.J. Costa commenced a third-party action, alleging that negligence by Kreamer and BJE caused Plaintiff's injuries.  (*Id*. ¶ 5.)  On or about May 23, 2016, S.J. Costa served a copy of Plaintiff's Bill of Particulars on Kreamer and BJE.  (*Id*. ¶ 16.)  On July 14, 2016, Kreamer and BJE filed a notice removing the action from the Supreme Court of the State of New York to this Court.  (*Id*. at 1.)

## II. Discussion

### a. Standard of review

A defendant may remove a civil action brought in state court to a federal court of original jurisdiction.  28 U.S.C. § 1441(a).  "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).  The party asserting jurisdiction bears the burden of proving that jurisdiction and procedural requirements are met.  *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of

2

establishing that removal is proper."); *see Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441–1445. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("In determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal."); *Bankhead v. New York*, No. 13-CV-3377, 2013 WL 6145776, at *1 (E.D.N.Y. Nov. 21, 2013) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002))).

### b. Plaintiff's motion

Plaintiff argues that the action should be remanded back to state court because (1) the third-party defendants lack standing to remove an action to federal court and (2) the removal of this action was not timely. (Pl. Mot. 1–8.)

"Neither the Supreme Court nor the Second Circuit has determined whether the right to remove a case to federal court set forth in 28 U.S.C. § 1441 extends to third-party defendants." *Arrow Fin. Servs., LLC v. Massil*, No. 08-CV-437, 2009 WL 348553, at *3 (E.D.N.Y. Feb. 11, 2009); *see Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 373 (S.D.N.Y. 2006) (explaining that the "debate over the question of third-party removal has raged for years"). The "overwhelming weight of authority in this Circuit is that third party defendants do not qualify as 'defendants' for purposes of removal." *Sessing v. Gateway Ctr. Properties, LLC*, No. 09-CV-2485, 2009 WL 1918162, at *1 (E.D.N.Y. June 30, 2009) (citing *Arrow*, 2009 WL 348553, at *3); *see Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12-CV-5078, 2014 WL 123488, at *16 (E.D.N.Y. Jan. 10, 2014) (stating that the "clear

3

majority of federal courts has held that third-party defendants are not 'defendants' within the meaning of 28 U.S.C. § 1441(a)" (collecting cases)); *Arrow*, 2009 WL 348553, at *3 (stating that "[t]he Southern and Eastern Districts of New York have unanimously found that 28 U.S.C. § 1441 does not permit removal by third party defendants" (collecting cases)). Some courts have explained that this view is consistent with the instruction to narrowly construe the removal statute, by interpreting the statutory phrase "the defendant or the defendants," as used in § 1441(a), "to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claim." *Tyco Int'l*, 422 F. Supp. 2d at 373 (finding that the "majority view is the superior one" in part because it is "more faithful to the Supreme Court's instruction . . . to strictly construe the removal statute" (quoting *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462–63 (6th Cir. 2002)); *see Casul v. Modell's NY II, Inc.*, No. 04-CV-7204, 2004 WL 2202581, at *2 (S.D.N.Y. Sept. 30, 2004) ("The plain text of the statute does not permit removal by a person other than a defendant and courts have routinely held that a third-party defendant may not remove under section 1441(a).").

The Court agrees that third-party defendants are outside a narrow reading of "defendant" as used in section 1441(a). In opposition to Plaintiff's motion to remand, Kreamer and BJE argue that subject matter jurisdiction in this case is not "predicated upon the third-party complaint" because subject matter jurisdiction exists over the main action. (Third-Party Defs. Decl. in Opp'n 2, Docket Entry No. 7.) Kreamer and BJE offer no legal support for this argument. The Court's jurisdiction over the underlying action between Plaintiff and S.J. Costa is not at issue; rather, the issue is whether Kreamer and BJE had a proper basis for removal of this action under the language of section 1441(a).

Kreamer and BJE further contest that it would be "entirely inequitable" for the Court to "disallow" Kreamer and BJE to remove the action because S.J. Costa's maintains that they are entirely liable for Plaintiff's claim, valued at $10,000,000. (*See id.*) Kreamer and BJE have presented no arguments in support of their contention that it would be inequitable to not allow them to remove this action when S.J. Costa asserts that they are responsible. (*See id.*)

Because the Court finds that Kreamer and BJE did not have a right under section 1441(a) to remove the action, the Court remands this case to state court.[1]

### III. Conclusion

For the foregoing reasons, the case is remanded to the Supreme Court of the State of New York, Kings County.

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 7, 2016
      Brooklyn, New York

---

[1] Because the Court concludes that the action was improperly removed, it declines to reach Plaintiff's second argument regarding the timeliness of the removal.